UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| **RACHEL MEULLION AND KIRK UNDERWOOD** | : | CIVIL ACTION No. 6:23-cv-01312 |
| **VERSUS** | : | JUDGE DAVID C. JOSEPH |
| **BOARD OF SUPERVISORS FOR THE UNIVERSITY OF LOUISIANA SYSTEM, THE UNIVERSITY OF LOUISIANA AT LAFAYETTE, PAUL THOMAS, IN HIS OFFICIAL CAPACITY, VANESSA RICHARD, IN HER OFFICIAL CAPACITY, STACY ROBINETTE BROUSSARD, IN HER OFFICIAL CAPACITY** | : : : : : : : : | MAGISTRATE JUDGE CAROL B. WHITEHURST     TRIAL BY JURY REQUESTED |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

<u>**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS**</u>

**MAY IT PLEASE THE COURT:**

**1. Introduction**

Defendant, Board of Supervisors for the University of Louisiana System, for the University of Louisiana at Lafayette, respectfully moves in accordance with Rule 12(b)(5) of the Federal Rule of Civil Procedure for dismissal of the instant Complaint ("Complaint").[1] *See* Fed. R. Civ. Proc.

---

[1] A Motion for Extension of Time to File Responsive Pleadings, R. Doc. 3, was filed on October 30, 2023 on behalf of the Board of Supervisors for the University of Louisiana System for the University of Louisiana at Lafayette, as well the remaining defendants, Paul Thomas, Vanessa Richard and Stacy Robinette Broussard.  The Motion was granted on behalf of the identified defendants on November 2, 2023, R. Doc. 4, granting an extension through December 1, 2023.  In the Motion for Extension, undersigned noted that the issue of service could not be *confirmed or not* upon Paul Thomas, Vanessa Richard and Stacy Robinette Broussard at the time of filing, so the requested extension for those individuals was simply being made out of an abundance of caution until the issue of service/lack of service upon them could be determined.  In fact, no service of citation or summons had been made at the time of the filing of the Motion for Extension.  Undersigned received email correspondence from the Plaintiffs on November 29, 2023 inquiring if there was any objection to the filing of a request for an extension to serve those three individuals, as some problem had occurred with their service; Plaintiff also filed a Motion for Extension of Time to Serve the three individuals on November 30, 2023, R. Doc. 6. As such, the instant Motion is asserted on behalf of the Board of Supervisors for the University of Louisiana System for the University of Louisiana at Lafayette *only*, and *not* on behalf of the Paul Thomas, Vanessa Richard and Stacy Robinette Broussard, who had not yet been served under Federal Rule

12(b)(5). If the Complaint is not definitively dismissed in its entirety in response to the instant motion with respect to the Board, the Board alternatively prays that the Plaintiffs be ordered to properly serve the Office of Risk Management and the Attorney General within a period specified by the Court. *See* Fed. R. Civ. Proc. 12(b)(5).

2. **Procedural Background**

The Plaintiffs bring the instant suit raising claims under Title VII of the Civil Rights Act of 1964, codified as 42 U.S.C. Sections 2000e to 2000e-17.[2] The Board of Supervisors for the University of Louisiana System ["Board"] is identified as a Defendant in this matter in Paragraph 4 of the Complaint, with respect to its responsibility for, operation, control and/or administration of the University of Louisiana at Lafayette.[3]

The Complaint itself does not request or specify any type of service on the named Defendants. Paragraph 4 of the Complaint simply states, "Defendant University of Louisiana System Board of Supervisors (hereinafter "ULL" or "Defendant"), a State Agency domiciled in East Baton Rouge Parish, Louisiana, which is responsible for, operates, controls, and administers the University of Louisiana at Lafayette and which receives Federal funds." Nevertheless, on October 2, 2023, the Court issued Summons to the Plaintiffs to be served upon the named Defendants under Rule 4 of the Federal Rules of Civil Procedure, including a Summons to the

---

of Civil Procedure 4, and from whom responsive pleading are accordingly not in fact yet due. (A party "becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).)

[2] See R. Doc. 1, par. 1.

[3] See R. Doc. 1, par. 4. The University of Louisiana at Lafayette was not actually identified as an individual defendant in the Complaint, so it is not clear why Summons was issued to it individually, nor why it is listed separately in the case caption. The Paragraphs listing the defendants in the Complaint, paragraphs 4,5,6 and 7, only list the Board of Supervisors and the three individual defendants. Nevertheless, the University of Louisiana at Lafayette is not a juridical entity capable of suing or being sued; the proper party for suits against the University is the Board of Supervisors, under La. R.S. 17:3351 and La. R.S. 17:3217. *LeBlanc v. Thomas*, 2008-2869 (La. 10/20/09); 23 So.3d 241, citing *Boston v. Tanner,* 29 F.Supp.2d 743 (W.D.La.1998).

Board of Supervisors for the University of Louisiana System, the University of Louisiana at Lafayette, Paul Thomas, Vanessa Richard and Stacy Robinette Broussard.[4]

The Board received service of its Summons on October 9, 2023. As noted, no proof of service of the Summons has been provided to date with respect to Paul Thomas, Vanessa Richard or Stacy Robinette Broussard.

### 3. Service On the Board is Insufficient

Service on the Board alone in this case is insufficient because the Board is a state agency to which LA. REV. STAT. ANN. § 39:1538(C) and LA. REV. STAT. ANN. § 13:5107 apply. Summons and service have neither been issued nor performed to date on the Office of Risk Management or the Attorney General, as required under LA. REV. STAT. ANN. § 39:1538(C) and under LA. REV. STAT. ANN. § 13:5107 for any claims against the state or any of its agencies to recover damages in tort.

Federal Rule of Civil Procedure art. 4(j)(2) mandates that a state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Per LA. REV. STAT. ANN. § 39:1538, for any claims against the state or any of its agencies to recover damages in tort, process shall be served upon the head of the department at issue, the Office of Risk Management and the Attorney General, as well as "any others required by LA. REV. STAT. ANN. § 13:5107." LOUISIANA REV. STAT. ANN. § 39:1538(D) reads:

> **(D) In actions brought pursuant to this Section, process shall be served upon the head of the department concerned, the office of risk management, and the attorney general, as well as any others required by R.S. 13:5107.** However,

---

[4] See R. Doc. 2.

there shall be no direct action against the Self-Insurance Fund and claimants, with or without a final judgment recognizing their claims, shall have no enforceable right to have such claims satisfied or paid from the Self-Insurance Fund.[5]

Furthermore, under LA. REV. STAT. ANN. § 13:5107(A)(1), in all suits filed against the state or a state agency, citation and service are to be obtained via citation and service on the <u>Attorney General **and** the relevant state agency/department</u>.  LA. REV. STAT. ANN. § 13:5107 states:

> A.(1**) In all suits filed against the state of Louisiana or a state agency, citation and service may be obtained by citation and service on the attorney general of Louisiana,** or on any employee in his office above the age of sixteen years, or any other proper officer or person, depending upon the identity of the named defendant and in accordance with the laws of this state, **and on the department, board, commission, or agency head or person**, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and the identity of the named board, commission, department, agency, or officer through which or through whom suit is to be filed against.
> (A)(2): **Service shall be requested upon the attorney general within ninety days of filing suit.** This shall be sufficient to comply with the requirements of Subsection D of this Section and also Code of Civil Procedure Article 1201(C). However, the duty of the defendant served through the attorney general to answer the suit or file other responsive pleadings does not commence to run until the additional service required upon the department, board, commission, or agency head has been made.
>     […]
> (D)(1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver. If not waived, a request for service of citation upon the defendant shall be considered timely if requested on the defendant within the time period provided by this Section, notwithstanding insufficient or erroneous service.
> (D)(2) **If service is not requested by the party filing the action within the period required in Paragraph (1) of this Subsection, the action shall be dismissed without prejudice,** after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, upon whom service was not requested within the period required by Paragraph (1) of this Subsection.[6]

---

[5] Emphasis added.
[6] Emphasis added.

LOUISIANA REV. STAT. ANN. § 13:5107(A)(2) requires a plaintiff to request service upon the Attorney General within ninety (90) days of filing suit.[7] This is sufficient to comply with the requirements of LA. REV. STAT. ANN. § 13:5107(D) and La. C.C.P. art. 1201(C).

Service of process is fundamental to any procedural imposition on a named defendant.[8] In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant.[9] A party "becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend."[10]

Pursuant to Federal Rule of Civil Procedure 4(c), the plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service. As noted, Plaintiffs in this case have only provided the Summons issued by the Court to the Board of Supervisors. No Summons was requested or issued for or to the Office of Risk Management or the Attorney General. Service of a Summons has consequently also neither been requested **nor** effected to date on the Office of Risk Management or the Attorney General, as required under LA. REV. STAT. ANN. § 39:1538(C) and under LA. REV. STAT. ANN. § 13:5107 for any claims against the state or any of its agencies to recover damages in tort. At no time has Attorney General Landry or the Office of Risk Management waived service. LA. REV. STAT. ANN. § 13:5107(A)(2) explicitly mandates that service on the Office of the Attorney General must be requested within ninety (90) days of the suit's commencement.

---

[7] LA. REV. STAT. ANN. § 13:5107(A)(2).
[8] *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).
[9] *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).
[10] *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

Federal Rule 4(m) states that if a Plaintiff fails to effect service of process on a defendant within 90 days after filing a complaint, a District Court must dismiss the action without prejudice against Defendant or issue an order that service be made within a specified period of time.[11]  As such, if this Court does not dismiss this action in its entirety, the Court has the power to construe a motion to dismiss pursuant to Rule 12(b)(5) as a motion to quash service.[12]  Where there is "a reasonable prospect that plaintiff ultimately will be able to serve defendant properly," the proper course of action is to quash service and permit a plaintiff another opportunity to complete service rather than dismiss the case.[13]  Therefore, if this Court does not dismiss this action in its entirety, this Court is urged to grant Plaintiffs a reasonable period of time to serve the Board properly by serving the Office of Risk Management and the Attorney General.

For the reasons stated above, Defendant prays that this Court grant the instant motion and dismiss the claims against the Board of Supervisors for the University of Louisiana System due to insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5).  If the Complaint is not definitively dismissed in its entirety in response to the instant motion with respect to the Board, the Board alternatively prays that the Plaintiffs be ordered to properly serve the Office of Risk Management and the Attorney General within a period specified by the Court.

---

[11] Defendant finds itself in the somewhat unusual position wherein service upon the Board itself was made on October 9, 2023, thereby necessitating *some* responsive action by Defendant within the December 1, 2023 deadline set by the Court in R. Doc. 4.  However, *correct* service on the Board—including service upon the Attorney General and Office of Risk Management—which would trigger the requirement to take action in the capacity as a party to the suit—has not been complete.  However, ninety days has also not yet expired from the initiation of the suit as outlined in F.R.C.P. 4(m).
[12] *Thomas v. New Leaders for New Schools*, 278 F.R.D. 347, 352 (E.D. La. 2011).
[13] *Id.*

Respectfully submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY:   */s/ Patricia P. Wattigny*
Patricia P. Wattigny (#31916)
Assistant Attorney General
Louisiana Department of Justice
Litigation Division
556 Jefferson St., Fourth Floor
Lafayette, Louisiana (70501)
Telephone: 337-262-1700
Facsimile: 337-262-1707
E-mail: WattignyP@ag.louisiana.gov
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 1, 2023, undersigned filed the above-entitled pleading electronically with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to plaintiffs by operation of this Court's electronic filing system.

*/s/Patricia P. Wattigny*
Patricia P. Wattigny
Assistant Attorney General