UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **RACHEL MEULLION ET AL** | **CASE NO. 6:23-CV-01312** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **BOARD OF SUPERVISORS UNIVERSITY OF LOUISIANA SYSTEM ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### REPORT AND RECOMMENDATION

Before the Court is the Motion to Dismiss filed by Defendants, Paul Thomas, Vanessa Richard, and Stacey Robinette Broussard. (Rec. Doc. 19). Plaintiffs, proceeding *pro se*, opposed the motion (Rec. Doc. 25), and Defendants replied (Rec. Doc. 28). The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Defendants' motion be granted and that Plaintiffs' claims against them be dismissed.

### Facts and Procedural History

Plaintiffs, former employees of the Board of Supervisors for the University of Louisiana System, for the University of Louisiana at Lafayette ("ULL"), filed this

suit under Title VII asserting claims for religious discrimination after they were terminated for failing to comply with ULL's Covid vaccination/testing policies. (Rec. Doc. 1; 13). In addition to suing ULL, Plaintiffs also sued Thomas, Richard, and Broussard (collectively "university employees") in their official capacities as ULL officials who were involved in the events leading up to Plaintiffs' terminations. (Rec. Doc. 13, ¶5, 6, 7).

The university employees initially moved to dismiss the case for improper service; however, the Court granted Plaintiffs an extension until January 19, 2024, to effect service of the original and amended complaints. (Rec. Doc. 16). The university employees now re-urge dismissal for improper service and further seek to dismiss the claims against them for failure to state claims.[1]

After initial attempts to serve the university employees failed (see Rec. Doc. 19-2, p. 3-7), Plaintiffs purported to serve the university employees through private process server by delivering a copy of the complaints to Richard Gallot, Jr. at 1201 North Third Street in Baton Rouge. (Rec. Doc. 19-2, p. 10-16). The university employees contend that personal service was required and that, irrespective of service, Plaintiffs failed to state claims against them. Indeed, the university employees argue dismissal under F.R.C.P. Rule 12(b)(6) would render their service

---

[1] ULL has answered the suit.

objections moot. (Rec. Doc. 28). Thus, the Court shall first consider whether Plaintiffs have stated claims under Rule 12(b)(6).

## Law and Analysis

The defendant may challenge the complaint for failing to state a claim by filing a motion to dismiss under F.R.C.P. Rule 12(b)(6). When considering such a motion to dismiss for failure to state a claim, the district court must limit itself to the contents of the pleadings, including any attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir.2004). The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007) Conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982); *Collins v. Morgan Stanley*, 224 F.3d at 498. The law does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more …than…a statement of facts that merely creates a suspicion [of] a legally cognizable

right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

Plaintiffs sued ULL and the university employees in their official capacities. "[R]elief under Title VII is available only against an employer, not an individual supervisor or fellow employee. *See Foley v. Univ. of Houston Sys.,* 355 F.3d 333, 340 (5th Cir. 2003), citing 42 U.S.C. § 2000e(b); *Grant v. Lone Star Co.*, 21 F.3d 649, 651–53 (5th Cir.1994). As such, dismissal of supervisors and co-employees sued in their official capacities is proper. See *Moye v. Tregre*, No. 22-30341, 2024 WL 65424, at *2 (5th Cir. Jan. 5, 2024) (dismissing Title VII claims against supervisors); and *Muthukumar v. Kiel*, 478 F. App'x 156, 158 (5th Cir. 2012) (dismissing a teaching assistant's Title VII claims against supervising professor where the actual employer, a university, was sued).

Plaintiffs have sued their employer, ULL, which has answered and remains a defendant. Under the foregoing well-settled law, their claims against the university employees do not legally survive. Because the Court agrees that Plaintiffs' claims against the university employees should therefore be dismissed, the Court declines to consider whether service was proper.

## Conclusion

For the reasons discussed herein, the Court recommends that the Motion to Dismiss filed by Defendants Paul Thomas, Vanessa Richard, and Stacey Robinette

Broussard, (Rec. Doc. 19) be GRANTED and Plaintiffs' claims against them be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 23rd day of February, 2024.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE