UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**RACHEL MEULLION ET AL**             **CASE NO.  6:23-CV-01312**

**VERSUS**                            **JUDGE DAVID C. JOSEPH**

**BOARD OF SUPERVISORS**              **MAGISTRATE JUDGE CAROL B.**
**UNIVERSITY OF LOUISIANA**           **WHITEHURST**
**SYSTEM ET AL**

## MEMORANDUM ORDER

Before the Court is Plaintiffs' *Motion to Strike Defendant's Answer with Request to Amend and to Strike La. R.S. 23:303 and Judicial Oversight* (Rec. Doc. 59). Plaintiffs are proceeding *pro se*. Defendant, Board of Supervisors for the University of Louisiana System, for the University of Louisiana at Lafayette ("ULL" and/or "the Board"), opposed the motion (Rec. Doc. 66).

Plaintiffs, former ULL employees, filed this suit under Title VII asserting claims for religious discrimination after they were allegedly terminated for failing to comply with ULL's Covid vaccination/testing policies. (Rec. Doc. 1; 13). The Board answered the suit, asserting multiple basic defenses. The Court mostly denied Plaintiffs' Motion to Strike the Board's affirmative defenses. (Rec. Doc. 29). Plaintiffs have since amended their complaint to assert Count 5 (Harassment/Hostile

Work Environment Religious Discrimination). (Rec. Doc. 50), and they now move to strike the Board's Answer to the Second Amended Complaint.

The Court will not reiterate Rule 12(f) standards, which were discussed in the Court's ruling on Plaintiffs' first motion to strike (Rec. Doc. 29, incorporated by reference), except to emphasize that the standard for striking in high and subject to the Court's discretion.

Plaintiffs move to strike the Board's Answer for failure to comply with Rule 8(b) and Rule 11(b). Rule 8(b) requires a party to "state in short and plain terms its defenses to each claim asserted against it; and admit or deny the allegations asserted against it by an opposing party." Rule 11(b) provides that an attorney's signature on a pleading warrants that it is not presented for an improper purpose, that the defenses, etc. are warranted, that factual contentions and denials of factual contentions are or will be supportable after investigation. The Board's Answer to the Second Amended Complaint is a general denial of Count 5 in the Second Amended Complaint, along with an additional affirmative defense. The answer complies with both rules.

Plaintiffs further seek to strike the Board's invocation of La. R.S. 23:303, which authorizes recovery of an employer's attorneys' fees in an employee's frivolous suit against it for employment discrimination under state law. The Board acknowledges that Plaintiffs have not brought discrimination claims under Louisiana law; however, it argues that La. R.S. 23:303 is essentially identical to federal law,

42 U.S.C.§2000e-5(k). Indeed, the legal analysis for employment discrimination claims is the same under federal law and Louisiana Employment Discrimination Law. *DeCorte v. Jordan*, 497 F.3d 433, 437 (5th Cir. 2007). While the Court agrees that the Board may not recover under state law where no state law claims have been asserted, the Court declines to dismiss the claim under Rule 12(f), which aims to simplify pleadings. Substantive requests to dismiss claims are more appropriately considered under Rule 56.

Finally, Plaintiffs claim the Board's pleadings have "required them to expend additional time and resources deciphering Defendant's stance and resolving ambiguities that should not exist." They seek "judicial oversight to ensure fairness and clarity in these proceedings." (Rec. Doc. 59, p. 16). Having reviewed voluminous pleadings and discovery in this case, the Court observes that the Board's pleadings and interactions with *pro se* Plaintiffs have been professional and in the judicious attitude of moving this case to a conclusion. Any extra time Plaintiffs have expended appears to be the result of their unfamiliarity with the litigation process, rather than any conduct on the Board's part. In that regard, the Court cautions Plaintiffs to avoid filing motions seeking to correct non-substantive, meaningless errors (e.g. Defendant's Answer's description of Plaintiffs' pleadings as both "Plaintiff's Second Amended Complaint and Demand for Jury Trial" and "Second

Amended Complaint with Jury Demand"). Such motions waste judicial resources on issues which have no bearing on the merits of the case.

Accordingly,

IT IS ORDERED that Plaintiffs' *Motion to Strike Defendant's Answer with Request to Amend and to Strike La. R.S. 23:303 and Judicial Oversight* (Rec. Doc. 59) is DENIED.

Signed at Lafayette, Louisiana on this 9th day of December, 2024.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE