UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RACHEL MEULLION AND KIRK UNDERWOOD** | **CIVIL NO. 6:23-cv-01312** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **BOARD OF SUPERVISORS FOR THE UNIVERSITY OF LOUISIANA SYSTEM, ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant, Board of Supervisors for the University of Louisiana System (the "Board") asks this Court to dismiss Plaintiffs' Motion for Partial Summary Judgment because the Board's affirmative defenses are not deemed waived under Local Rule 7.6.1 or Federal Rule of Civil Procedure 10(c), and are correctly and sufficiently plead in accordance with the Federal Rules of Civil Procedure.

**I.     BACKGROUND**

Plaintiffs are former employees of the University of Louisiana at Lafayette (the "University").[1] Both were employed as project assistants in the Department of Special Services.[2] Plaintiffs began working remotely due to the COVID-19 pandemic in March of 2020.[3] Plaintiffs returned to working on campus full-time by July of 2021.[4] UL Lafayette implemented a COVID-19 testing policy for employees in late September, 2021.[5] Unvaccinated employees were required to undergo COVID-19 testing on a weekly basis.[6] Vaccinated employees did not have to test

---

[1] Ex. A, Underwood Dep. 7:4-6; Ex. B, Meullion Dep. 8:8-11.
[2] *Id.*; Pet., par. 6.
[3] R. Doc. 50, par. 9, 17.
[4] R. Doc. 50, par. 10, 17, 23.
[5] R. Doc. 50, par. 26.
[6] *Id.*

weekly, but were still subject to random testing.[7] Plaintiffs were notified of the testing policy via email on September 28, 2021.[8]

Plaintiffs emailed the Office of Human Resources to request religious accommodation from the COVID-19 testing policy.[9] Plaintiffs claimed that their religious beliefs precluded them from COVID-19 vaccination or testing.[10]

The University began sending emails to Plaintiffs to report for weekly COVID-19 testing on October 11, 2021.[11] The emails indicated that employees who did not report for testing would be subject to disciplinary action. [12]

After a month of failing to comply with the University's testing policy Plaintiffs were notified via email on November 15, 2021 that they had 24 hours to comply with the policy or they would be subject to "unpaid leave and disciplinary action up to and including termination of employment."[13] Plaintiffs still did not comply with the policy, and were placed on unpaid leave effective November 18, 2021.[14] The University also notified Plaintiffs that if they did not comply with the testing policy by the end of November 19, their employment would be terminated.[15]

The University terminated Plaintiffs effective November 22, 2021.[16] Plaintiffs proceeded to file charges with the EEOC and the Louisiana Commission of Human Rights, which were dismissed.[17] Plaintiffs subsequently brought this action.

---

[7] *Id*.
[8] *Id*.
[9] R. Doc. 50, par 32.
[10] R. Doc. 50, par. 32.
[11] R. Doc. 50, par. 35.
[12] *Id*.
[13] R. Doc. 50, par. 55.
[14] R. Doc. 50, par. 56.
[15] *Id*.
[16] R. Doc. 50, par. 63.
[17] R. Doc. 50, pars. 66-67.

## II. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The moving party bears the burden of establishing that there are no genuine issues of material fact. *Lavespere v. Niagara Mach. & Tool Works, Inc*., 910 F.2d 167, 178 (5th Cir. 1990), *abrogated by Little v. Liquid Air Corp., 37 F.3d 1069* (5th Cir. 1994). To satisfy this burden, the moving party may either "submit evidentiary documents that negate the existence of some material element of the nonmoving party's claim or defense or, if the crucial issue is one for which the nonmoving party will bear the burden of proof at trial, merely point out that the evidentiary documents in the record contain insufficient proof concerning an essential element of the nonmoving party's claim or defense." *Id*. Once the moving party makes that showing, the burden shifts to the nonmoving party to show that summary judgment is not appropriate. *Id*.

## III. ARGUMENT AND AUTHORITIES

"An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." *Open Sea Distribution Corp. v. Artemis Distribution, LLC*, 692 F. Supp. 3d 1151, 1182–83 (M.D. Fla. 2023) *quoting Wright v. Southland Corp.,* 187 F.3d 1287, 1303 (11th Cir. 1999). "An affirmative defense is subject to the notice pleading standards in Rule 8 and must therefore be pled with enough specificity or factual particularity to give the plaintiff fair notice of the defense that is being advanced." *Usea v. Manuel*, No. CV 19-14704, 2020 WL 3892855, at *1 (E.D. La. July 10, 2020) *quoting Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir.1999).

Plaintiffs seek to have twenty-three of the Board's affirmative defenses dismissed by this Court as waived, or alternatively, as inapplicable to this suit. Plaintiffs assertions are without merit and should be dismissed by this Court.

**A.  The Board has not waived the affirmative defenses plead in their Answers to Plaintiffs' Original and Amended Complaint and Second Amended Complaint.**

Plaintiffs allege that because the Board did not reassert all the affirmative defenses originally plead in the Answer to the Original and Amended Complaint, these defenses should be considered waived. This claim is without merit and has no basis in the law.

Plaintiffs point to Local Rule 7.6.1 and Federal Rule of Civil Procedure 10(c) as the basis for their argument that the Board's affirmative defenses should be waived. But Plaintiffs have interpreted these rules incorrectly, resulting in an absurd conclusion that must be rejected.

**i.  The Board complied with complied with Local Rule 7.6.1 and Federal Rule of Civil Procedure 10(c).**

Plaintiffs assert that the Board has not complied with Local Rule 7.6.1, which provides,

> Except as permitted under Federal Rule of Civil Procedure 10(c), all amended pleadings must be reinstated in full and must not incorporate any prior pleading by reference.

Local Rule 7.6.1 incorporates Federal Rule of Civil Procedure 10(c). which states,

> A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.

Plaintiffs have interpreted these rules as requiring that anytime one party amends a pleading, the responding party must incorporate all previous answers or defenses in their response to the

amended pleading, or said answers or defenses are deemed waived. The Board has been unable to locate any jurisprudence or rule supporting this assertion.

Rather, Plaintiffs have argued that because Local Rule 7.6.1 requires all amended pleadings to be stated in full, and Fed. R. Civ. P. 10 allows for the reference to a statement in a pleading in the same or future pleadings, therefore all responses to amended pleadings must include references to other pleadings. This is not what the rules state.

Local Rule 7.6.1 clearly states that amended pleadings must restate the original, prior pleading being amended. Nowhere does the local rule state that answers or responses to amended pleadings must restate the answer to the unamended, original pleading. If the answer or response is not being amended, there is no need for the answer to the unamended pleading to be restated.

Fed. R. Civ. P. 10 also does not require references to statements previously made. The rule allows for reference to previous statements. The rule is permissive, not compulsory.

Plaintiffs' assertion that the Board's first through twenty-third affirmative defenses must be deemed waived is baseless and should be dismissed by this Court.

    ii.  **Plaintiffs have not suffered undue hardship or lack of notice of the Board's affirmative defenses.**

Plaintiffs assert that by not reasserting their affirmative defenses in their Answer to Plaintiff's amended complaints, the Board has caused Plaintiffs undue hardship. As the Board asserted their affirmative defenses in their first Answer, which was filed over a year ago on January 1, 2024, it is doubtful that Plaintiffs have suffered undue hardship due to a lack of notice of these defenses.[18]

---

[18] See R. Doc. 17.

"A defendant does not waive a defense if it was raised at a pragmatically sufficient time and did not prejudice the plaintiff in its ability to respond." *LSREF2 Baron, L.L.C. v. Tauch*, 751 F.3d 394, 398 (5th Cir. 2014). "A district court has discretion to determine whether the party against whom the defense was raised suffered prejudice or unfair surprise as a result of the delay." *Id*.

As the Board enumerated their affirmative defenses in their Answer over a year ago, Plaintiffs have not suffered unfair surprise.

**B. The Board's affirmative defenses are relevant to the claims asserted by Plaintiffs and legally sufficient under the law.**

Plaintiffs allege that if this Court should not find the Boards' affirmative defenses waived, several of them should be dismissed because they are inapplicable to this suit. The Board has addressed each of Plaintiffs' assertions of inapplicability below. While the Board concedes that several of these defenses are either not applicable to the Board or Title VII actions, the Board finds it judicially inexpedient to have these defenses dismissed as doing so will not resolve pending issues for litigation. The Board still asserts multiple affirmative defenses and has moved for its own Summary Judgment on Plaintiffs' claims.

> **i.     The Third and Fourth Affirmative Defense are not applicable to the Board under Federal Law.**

The discretionary immunity asserted as an affirmative defense is applicable to public officials. This defense was applicable to, and asserted on behalf of, the University employees individually named in this suit by Plaintiffs.[19] These employees have been dismissed from this suit since the pleading of this affirmative defense.[20]

---

[19] Paul Thomas, Vanessa Richard, and Stacy Robinette.
[20] See R. Doc. 30.

The fourth affirmative defense, that all actions were taken in good faith, under the law, and without malice is also not applicable to the Board, but rather the previously dismissed University employees.

### ii. Comparative fault is an affirmative defense under Federal Law.

Plaintiffs argue that the Board's sixth affirmative defense of comparative fault is premised in state law and therefore not applicable to this suit. Comparative fault is applicable to federal causes of action.

The Board does acknowledge that the Seventh Circuit has not found a Title VII case in which comparative fault was recognized as a defense. *Doe v. Oberweis Dairy*, 456 F.3d 704, 714 (7th Cir. 2006)("…this is a Title VII case and we cannot find a case under Title VII in which comparative fault was recognized as a complete or partial defense to liability.").

### iii. The Eighth, Ninth, Tenth, Eleventh, Twelfth, and Thirteenth Affirmative Defenses were asserted "as applicable."

The Board asserted their Eighth, Ninth, Tenth, Eleventh, Twelfth, and Thirteenth Affirmative Defenses "to the extent applicable to the claims asserted in this litigation."[21] The Board concedes that these statutes, to the Board's knowledge, have not been applied to Title VII claims.

### iv. No claims have been asserted under 42 U.S.C. §1983 and 1988.

These affirmative defenses serve to clarify that the Plaintiffs have not pleaded any facts or causes of action for which relief can be found under 42 U.S.C. §1983 and 1988.

### v. The Board has provided evidence supporting the First, Seventh, Sixteenth, Seventeenth, Nineteenth, Twentieth, Twenty-Second, Twenty-Third, and Twenty-Fourth Affirmative Defenses.

---

[21] R. Doc. 17.

The Board enumerates, specifically and thoroughly, the basis for its first affirmative defense within its answer. Further, the Board has submitted its own Motion for Summary Judgment which provides further bases and evidence for these affirmative defenses.

The Sixteenth, Seventeenth, Twenty-First, Twenty-Second, and Twenty-Third Affirmative Defenses deal solely with the issue of damages if the Board is found liable. Therefore, it is premature to dismiss these defenses pending a ruling on the Board's liability to Plaintiffs.

C. **The legal analysis for an award of attorney's fees under La. R.S. 23:303 is identical to 42 U.S.C. §2000e-5(k).**

La. R.S. 23:303 and 42 U.S.C. §2000e-5(k) are virtually identical – both allow for an award of attorney fees and costs to the prevailing party at the Court's discretion. The Board acknowledges that Plaintiffs have not brought a claim under the Louisiana Employment Discrimination Law, La. R.S. 23:301, et seq. However, it is completely within the discretion of the Court to award fees and costs under either La. R.S. 23:303 or 42 U.S.C. §2000e-5(k). The Board does not find it necessary to strike mention of La. R.S. 23:303 when the Court may decide, within its discretion, to apply it or 42 U.S.C. §2000e-5(k).

IV. **CONCLUSION**

For each of the foregoing reasons, Plaintiffs' Motion for Partial Summary Judgment must be dismissed.

Respectfully submitted,

**LIZ MURRILL
ATTORNEY GENERAL**

**s/Paige Casselman Beyt**
**CEARLEY W. FONTENOT, Bar Roll No. 30502**
**PAIGE CASSELMAN BEYT, Bar Roll No. 35041**
**SPECIAL ASSISTANT ATTORNEYS GENERAL**

        **OATS & MARINO**
        **A Partnership of Professional Corporations**
        **Suite 400, Gordon Square**
        **100 East Vermilion Street**
        **Lafayette, Louisiana 70501**
        **Tel: (337) 233-1100**
        **Fax: (337) 233-1178**
        **Email: cfontenot@oatsmarino.com**
        **pbeyt@oatsmarino.com**
        Attorneys for Defendant, Board of Supervisors for the University of Louisiana System

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing has been forwarded to all known counsel of record via electronic mail.

Lafayette, Louisiana, this 28th day of January, 2025.

        <u>s/Paige Casselman Beyt</u>
        **PAIGE CASSELMAN BEYT**