

RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

FEB 03 2025

DANIEL J. McCOY, CLERK
BY:_____KW_____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE

| | |
|---|---|
| RACHEL MEULLION AND KIRK UNDERWOOD<br>Plaintiffs | CIVIL ACTION NO. 6:23-CV-01312 |
| | JUDGE DAVID C. JOSEPH |
| VERSUS | MAGISTRATE JUDGE CAROL B. WHITEHURST |
| BOARD OF SUPERVISORS FOR THE UNIVERSITY OF LOUISIANA SYSTEM<br>Defendant | JURY TRIAL DEMANDED |

**PLAINTIFFS' REPLY TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

**NOW INTO COURT,** Plaintiffs, Rachel Meullion and Kirk Underwood, acting pro se, respectfully submit this Reply to Board Of Supervisors For The University Of Louisiana System's ("Defendant") *Memorandum in Opposition to Plaintiffs' Motion for Partial Summary Judgment*. This Reply addresses only the matters raised in Defendant's opposition and is submitted in accordance with the Court's rules.

Defendant contends that Local Rule 7.6.1 does not require responses to amended pleadings to restate all prior defenses or answers. Plaintiffs contend that the rule mandates that all amended pleadings be reinstated in full and cannot merely incorporate prior pleadings by reference. Defendant's failure to fully restate its affirmative defenses in its *First Supplemental and Amended Answer to the Original Complaint and Amended Complaint (Rec. Doc. 68-4)* —as well as in its Answer to Plaintiffs' Second Amended Complaint *(Rec. Doc. 68-6)*— constitutes noncompliance with Local Rule 7.6.1. In *Mario Gil v. ABC Insurance Co.*, No. *6:24-CV-0020J*

Page 1

*(W.D. La. June 27, 2024)(Dkt. No. 8)*, this Court held that failure to comply with Local Rule 7.6.1 constitutes procedural noncompliance. Similarly, in *Woodfield v. Bowman, 193 F.3d 354, 362 (5th Cir. 1999)*, the Fifth Circuit reaffirmed that affirmative defenses must meet the same pleading standards as the complaint, meaning they must provide fair notice to the opposing party. These cases confirm that when a party amends a pleading, prior defenses must be restated in full or risk waiver. Defendant's omission of twenty-three affirmative defenses (Rec. Doc. 68-3), along with its twenty-fourth affirmative defense (undue hardship) (Rec. Doc. 68-4), contradicts Local Rule 7.6.1 and the ruling in *Woodfield v. Bowman*, and should therefore be deemed waived. Defendant further asserts that Local Rule 7.6.1 applies only to amended pleadings, not to responses such as answers. Defendant does not deny that their *First Supplemental and Amended Answer* (Rec. Doc. 68-4) is an amended pleading, and an answer is a pleading under *Federal Rule of Civil Procedure 7(a)* that, if amended, must be restated in full in accordance with Local Rule 7.6.1. Local Rule 7.6.1 does not create an exception for answers—it mandates that all amended pleadings must be reinstated in full and must not incorporate any prior pleading by reference. Defendant's failure to restate its affirmative defenses in full demonstrates in their amended pleading is a clear noncompliance with procedural rules. The fact that these defenses were raised over a year ago does not excuse Defendant from the obligation to properly reinstate them in its amended answer. Because Defendant failed to comply with Local Rule 7.6.1 by omitting twenty-three affirmative defenses and the twenty-fourth affirmative defense of undue hardship, these defenses should be deemed waived.

Even if Defendant's affirmative defenses were properly reinstated, they still must satisfy the evidentiary burden established in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Under *Celotex*, the burden is on Defendant to produce evidence substantiating each affirmative defense.

Defendant has not met this burden, as no documentation, witness testimony, or other credible evidence has been presented to verify all of the following defenses:

- **First** – Failure to state a claim regarding religious discrimination, disparate impact, failure to accommodate, retaliation, and disparate treatment. The defendant did not provide any evidence in their *Memorandum In Opposition To Plaintiffs' Motion For Partial Summary Judgment* nor their *Motion for Summary Judgment*.

- **Seventh** – Plaintiffs are not entitled to compensatory damages, punitive damages, attorney's fees, costs or any other relief requested in their *Petition*. The defendant did not provide any evidence in their *Memorandum In Opposition To Plaintiffs' Motion For Partial Summary Judgment* nor their *Motion for Summary Judgment*.

- **Sixteenth** – Failure to mitigate damages. The defendant did not provide any evidence in their *Memorandum In Opposition To Plaintiffs' Motion For Partial Summary Judgment* nor their *Motion for Summary Judgment*.

- **Seventeenth** – Failure to use reasonable efforts to secure alternate employment. The defendant did not provide any evidence in their *Memorandum In Opposition To Plaintiffs' Motion For Partial Summary Judgment* nor their *Motion for Summary Judgment*.

- **Nineteenth** – Plaintiffs fail to demonstrate economic loss or a causal link to the alleged discrimination. The defendant did not provide any evidence in their *Memorandum In Opposition To Plaintiffs' Motion For Partial Summary Judgment* nor their *Motion for Summary Judgment*.

- **Twentieth** – Plaintiffs' Original and/or Amended Complaint are not timely. The defendant did not provide any evidence in their *Memorandum In Opposition To Plaintiffs' Motion For Partial Summary Judgment* nor their *Motion for Summary Judgment*.

- **Twenty-First-** Defendant asserts the time limitations in 42 U.S.C.A. § 2000e-5 relative to accrual of back pay liability. The defendant did not provide any evidence in their *Memorandum In Opposition To Plaintiffs' Motion For Partial Summary Judgment* nor their *Motion for Summary Judgment*.

- **Twenty-Second** – front pay claim is unduly speculative and inappropriate. The defendant did not provide any evidence in their *Memorandum In Opposition To Plaintiffs' Motion For Partial Summary Judgment* nor their *Motion for Summary Judgment*.

- **Twenty-Third** – Defendant asserts as a defense to Plaintiffs' back pay claim all of Plaintiffs' interim earnings or amounts earnable with reasonable diligence by Plaintiffs. The defendant did not provide any evidence in their *Memorandum In Opposition To Plaintiffs' Motion For Partial Summary Judgment* nor their *Motion for Summary Judgment*.

Defendant contends that its Motion for Summary Judgment provides evidence supporting these defenses. However, Defendant's Motion for Summary Judgment fails to provide any evidence substantiating the Seventh, Nineteenth, Twentieth.

Furthermore, Defendant's Twenty-Fourth Affirmative Defense (Undue Hardship) in Defendant's Motion for Summary Judgment relies solely on Plaintiffs' deposition testimony regarding their job duties, rather than on concrete detailed financial analysis required under *Groff v. DeJoy*, 43 S. Ct., where speculative assertions are insufficient.

Defendant argument that the Sixteenth, Seventeenth, Twenty-First, Twenty-Second, and Twenty-Third Affirmative Defenses should not be dismissed because they relate to damages and depend on the Defendant's liability to Plaintiffs. However, affirmative defenses must still be supported by evidence at this stage, not left to speculation. Mere conclusory assertions about potential damages do not create a genuine issue of material fact. *See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)*.

Defendant also contends that comparative fault is a valid affirmative defense under federal law. However, as acknowledge in *Doe v. Oberweis Dairy*, no Title VII case has recognized comparative fault as a defense. Thus, Defendant's comparative fault defense is without merit under Title VII and must be dismissed.

Defendant's Second affirmative defense (discretionary immunity), Fourth affirmative defense, as well as the Eighth, Ninth, Tenth, Eleventh, Twelfth, and Thirteenth affirmative defenses relying on Louisiana statutes, as well as defenses based on 42 U.S.C. §§ 1983 and 1988, are inapplicable to the Plaintiffs' Title VII claims. Defendant conceded in its opposition that Louisiana statutory defenses have not been applied to Title VII claims, and, by its own admission, no claims have been asserted under 42 U.S.C. §§ 1983 and 1988, so this defense

should be dismissed. Allowing the Louisiana statutes would improperly mix state law into a federal statutory framework, violating the Supremacy Clause and should be dismissed as a matter of law.

Defendant's reliance on La. R.S. § 23:303 is misplaced because Title VII of the Civil Rights Act of 1964 provides an exclusive federal remedial scheme for addressing employment discrimination claims, including the award of attorney fees under 42 U.S.C. § 2000e-5(k). Even if the language appears similar, allowing it would improperly mix state law into a federal statutory framework, violating the Supremacy Clause. Therefore, Defendant's affirmative defense under La. R.S. § 23:303 must be dismissed as a matter of law.

The Defendant's Memorandum fails to address critical aspects of the Plaintiffs' motion and improperly raises affirmative defenses that are legally insufficient or inapplicable. Simply enumerating their affirmative defenses in their answer does not satisfy the evidentiary burden; Defendant must provide concrete evidence to substantiate their affirmative defenses.

For the foregoing reasons, this Court should grant summary judgment in favor of the Plaintiffs.

Respectfully Submitted February 3, 2025.

Rachel Meullion
193 Grand Lake Drive
Arnaudville, LA 70512
(337- 322-1949)

Kirk Underwood
193 Grand Lake Drive
Arnaudville, LA 70512
(337- 322-1949)

## CERTIFICATE OF SERVICE

We certify that on this 3 day of February, 2025, we delivered a copy of this filing to defendant by depositing it in the mail or email, addressed to the Defendant's attorney:

**LIZMURRIL**
**ATTORNEY GENERAL**
Lawrence E. Marino (23206)
Cearley W. Fontenot (30502)
Paige Casselman Beyt (35041)
Special Assistant Attorney General
OATS & MARINO
A Partnership of Professional Corporations
100 E. Vermilion Street. Suite 400 Lafayette, LA 70501
Telephone: (337) 233-1100
Fax:(337)233-1178
Email: cfontenot@oatsmarino.com
Email: pbeyt@oatsmarino.com
Counsel for Board of Supervisors for the
University of Louisiana Systems, for the University of Louisiana at Lafayette

Rachel Meullion
Pro Se

Kirk Underwood
Pro Se