**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **RACHEL MEULLION ET AL.** | **CASE NO. 6:23-CV-01312** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **BOARD OF SUPERVISORS UNIVERSITY OF LOUISIANA SYSTEM ET AL.** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

******************************************************************************

# JOINT PROPOSED VERDICT FORM

Answer the questions in order. Do not discuss or decide any issue unless the instructions on this form direct you to. Complete and sign a separate copy of this form for each Plaintiff.

## PLAINTIFF RACHEL MEULLION

## PART I — RELIGIOUS ACCOMMODATION CLAIM

**Question No. 1.** Do you find, by a preponderance of the evidence, that Rachel Meullion held a sincere religious belief or practice that conflicted with the University's COVID-19 testing requirement?

Yes _____ No _____

If "No," you have found for the University on the religious accommodation claim as to Rachel Meullion. Skip to Part II (Question No. 5).

If "Yes," proceed to Question No. 2.

**Question No. 2.** Do you find, by a preponderance of the evidence, that Rachel Meullion informed the University of the conflict between her sincerely held religious belief or practice and the testing requirement?

Yes _____ No _____

If "No," you have found for the University on the religious accommodation claim as to Rachel Meullion. Skip to Part II (Question No. 5).

If "Yes," proceed to Question No. 3.

**Question No. 3.** Do you find, by a preponderance of the evidence, that the University terminated Rachel Meullion for failing to comply with the testing requirement?

Yes _____ No _____

If "No," you have found for the University on the religious accommodation claim as to Rachel Meullion. Skip to Part II (Question No. 5).

If "Yes," proceed to Question No. 4.

**Question No. 4.** Do you find, by a preponderance of the evidence, that any accommodation that would have allowed Rachel Meullion to continue in her position without being tested would have imposed an undue hardship on the University?

Yes _____ No _____

If "No," you have found for Rachel Meullion on the religious accommodation claim. Proceed to Part II (Question No. 5).

If "Yes," you have found for the University on the religious accommodation claim as to Rachel Meullion. Proceed to Part II (Question No. 5).

**PART II — RETALIATION CLAIM**

**Question No. 5.** Do you find, by a preponderance of the evidence, that Rachel Meullion engaged in protected activity—that is, a request for a religious accommodation made with a reasonable, good-faith belief that Title VII required the accommodation opposing or complaining of an employment practice that she reasonably and in good faith believed violated Title VII?[1]

Yes _____ No _____

If "No," you have found for the University on the retaliation claim as to Rachel Meullion. Skip to Part III (Question No. 7).

If "Yes," proceed to Question No. 6.

**Question No. 6.** Do you find, by a preponderance of the evidence, that the University disciplined Rachel Meullion because of her protected activity?

Yes _____ No _____

If "No," you have found for the University on the retaliation claim as to Rachel Meullion. Proceed to Part III (Question No. 7).

---

[1] The Board objects to the phrase "opposing or complaining of an employment practice that she reasonably and in good faith believed violated Title VII" for the reasons indicated in jury charge no. 11.

Plaintiff responds to the objection for the same reasons indicated in jury charge no. 11.

If "Yes," you have found for Rachel Meullion on the religious accommodation claim. Proceed to Part III (Question No. 7).

**PART III — DAMAGES**

Answer Part III only if you found for Rachel Meullion on either Question No. 4 or Question No. 6, or both. Otherwise, do not answer Part III; sign and date the form.

**Question No. 7.** What sum of money, if paid now in cash, would fairly and reasonably compensate Rachel Meullion for the damages, if any, that you have found that the University caused Rachel Meullion?

Answer in dollars and cents for the following items and none other:

1. Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

$____________________

2. Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

$____________________

3. Wages and benefits from November 18, 2021, to the present date.

$____________________

**Question No. 8** Do you find that Rachel Meullion failed to reduce or mitigate her damages through the exercise of reasonable diligence in seeking, obtaining, and maintaining substantially equivalent employment after the date of her termination?

Answer "Yes" or "No."

__________

If you answered "Yes" to Question No. 8, then answer Question No. 9. If "No," proceed to Question 10.

**Question No. 9** How much would Rachel Meullion have earned had she exercised reasonable diligence under the circumstances to minimize her damages?

Answer in dollars and cents, if any.

$____________________

If you found for Rachel Meullion on either Question 4 or 6 but did not award damages under Question 9, you may, but are not required, to answer Question 10.

**Question 10:** What sum of money, if any, should be awarded to Rachel Meullion as nominal damages?

$____________________

Presiding Juror's Signature: _______________________________

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **RACHEL MEULLION ET AL.** | **CASE NO. 6:23-CV-01312** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **BOARD OF SUPERVISORS UNIVERSITY OF LOUISIANA SYSTEM ET AL.** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

********************************************************************************

# PROPOSED VERDICT FORM

Answer the questions in order. Do not discuss or decide any issue unless the instructions on this form direct you to. Complete and sign a separate copy of this form for each Plaintiff.

## PLAINTIFF KIRK UNDERWOOD

## PART I — RELIGIOUS ACCOMMODATION CLAIM

**Question No. 1.** Do you find, by a preponderance of the evidence, that Kirk Underwood held a sincere religious belief or practice that conflicted with the University's COVID-19 testing requirement?

Yes _____ No _____

If "No," you have found for the University on the religious accommodation claim as to Kirk Underwood. Skip to Part II (Question No. 5).

If "Yes," proceed to Question No. 2.

**Question No. 2.** Do you find, by a preponderance of the evidence, that Kirk Underwood informed the University of the conflict between his sincerely held religious belief or practice and the testing requirement?

Yes _____ No _____

If "No," you have found for the University on the religious accommodation claim as to Kirk Underwood. Skip to Part II (Question No. 5).

If "Yes," proceed to Question No. 3.

**Question No. 3.** Do you find, by a preponderance of the evidence, that the University terminated Kirk Underwood for failing to comply with the testing requirement?

Yes _____ No _____

If "No," you have found for the University on the religious accommodation claim as to Kirk Underwood. Skip to Part II (Question No. 5).

If "Yes," proceed to Question No. 4.

**Question No. 4.** Do you find, by a preponderance of the evidence, that any accommodation that would have allowed Kirk Underwood to continue in his position without being tested would have imposed an undue hardship on the University?

Yes _____ No _____

If "No," you have found for Kirk Underwood on the religious accommodation claim. Proceed to Part II (Question No. 5).

If "Yes," you have found for the University on the religious accommodation claim as to Kirk Underwood. Proceed to Part II (Question No. 5).

**PART II — RETALIATION CLAIM**

**Question No. 5.** Do you find, by a preponderance of the evidence, that Kirk Underwood engaged in protected activity—that is, a request for a religious accommodation made with a reasonable, good-faith belief that Title VII required the accommodation or opposing or complaining of an employment practice that he reasonably and in good faith believed violated Title VII?[2]

Yes _____ No _____

If "No," you have found for the University on the retaliation claim as to Kirk Underwood. Skip to Part III (Question No. 7).

If "Yes," proceed to Question No. 6.

**Question No. 6.** Do you find, by a preponderance of the evidence, that the University disciplined Kirk Underwood because of his protected activity?

Yes _____ No _____

---

[2] The Board objects to the phrase "opposing or complaining of an employment practice that she reasonably and in good faith believed violated Title VII" for the reasons indicated in jury charge no. 11.

Plaintiff responds to the objection for the same reasons indicated in jury charge no. 11.

If "No," you have found for the University on the retaliation claim as to Kirk Underwood. Proceed to Part III (Question No. 7).

If "Yes," you have found for Kirk Underwood on the religious accommodation claim. Proceed to Part III (Question No. 7).

**PART III — DAMAGES**

Answer Part III only if you found for Kirk Underwood on either Question No. 4 or Question No. 6, or both. Otherwise, do not answer Part III; sign and date the form.

**Question No. 7.** What sum of money, if paid now in cash, would fairly and reasonably compensate Kirk Underwood for the damages, if any, that you have found that the University caused Kirk Underwood?

Answer in dollars and cents for the following items and none other:

1. Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

$____________________

2. Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

$____________________

3. Wages and benefits from November 18, 2021, to the present date.

$____________________

**Question No. 8** Do you find that Kirk Underwood failed to reduce his damages through the exercise of reasonable diligence in seeking, obtaining, and maintaining substantially equivalent employment after the date of his termination?

Answer "Yes" or "No."

__________

If you answered "Yes" to Question No. 8, then answer Question No. 9. If "No," proceed to Question 10.

**Question No. 9** How much would Kirk Underwood have earned had he exercised reasonable diligence under the circumstances to minimize his damages?

Answer in dollars and cents, if any.

$____________________

If you found for Kirk Underwood on either Question 4 or 6 but did not award damages under Question 9, you may, but are not required, to answer Question 10.

**Question 10:** What sum of money, if any, should be awarded to Kirk Underwood as nominal damages?

$____________________

Presiding Juror's Signature: ________________________________

Respectfully submitted,

DOWNER, JONES, MARINO & WILHITE
401 Market Street, Suite 1250
Shreveport, LA 71101
Tel: 318-213-4444
Fax: 318-213-4445

Allison A. Jones, Bar No. 16990
Marcus D. Sandifer, Bar No. 39326

By: *_/s/ Allison A. Jones_*

Counsel for Plaintiffs

And

**LIZ MURRILL**
**ATTORNEY GENERAL**

**s/*Lawrence E. Marino***
**LAWRENCE E. MARINO, Bar Roll No. 23206**
**DANIEL J. PHILLIPS, Bar Roll No. 32921**
SPECIAL ASSISTANT ATTORNEYS GENERAL
**OATS & MARINO**
**A Partnership of Professional Corporations**
Suite 400, Gordon Square
100 East Vermilion Street
Lafayette, Louisiana 70501
Tel: (337) 233-1100
Fax: (337) 233-1178
Email: lmarino@oatsmarino.com
dphillips@oatsmarino.com
Attorneys for Defendant, Board of Supervisors
for the University of Louisiana System